UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DYALL,

      Plaintiff,                      Case No. 3:26-cv-01104-JEP-PDB

v.

EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and
ALLY FINANCIAL INC;

      Defendants.

_____/

**DEFENDANT TRANS UNION LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to the Complaint ("Complaint") filed by Christopher Dyall ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**PRELIMINARY STATEMENT**

1.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

1

2.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

3.    Trans Union admits that Plaintiff purports to bring an action with Fair Credit Reporting Act ("FCRA") claims but denies the remaining allegations of this paragraph.

4.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

### JURISDICTION, VENUE, & PARTIES

5.    Trans Union admits that jurisdiction is proper pursuant to 15 U.S.C. § 1681p.  Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

6.    Trans Union admits that jurisdiction is proper pursuant to 15 U.S.C. § 1681p.  Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

7.    Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in this Court. Trans Union denies the remaining allegations of this paragraph.

8.    Trans Union admits that Plaintiff is a natural person. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2

9.    Trans Union admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

10.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

11.    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

13.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

14.    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

15.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

16.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FCRA STATUTORY STRUCTURE

18.     Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

19.     Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

20.     Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

4

21. Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

22. Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

23. Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

24. Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

25. Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

## **<u>FACTUAL ALLEGATIONS</u>**

26. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

27. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

5

28.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

29.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

30.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

31.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

32.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

33.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

34.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

35.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

36.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

37.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

38.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**First Dispute**

39.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

40.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

41.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

42.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

43.    Trans Union admits that on July 22, 2025, it received correspondence purporting to be from Plaintiff regarding an Ally Financial account ending in 4985 stating, "I reaffirmed one of my vehicle debts with Ally, for my Nissan Pathfinder, the x5758 account. I DID NOT reaffirm the other Ally debt. … This account is

7

continuing to report instead as a charge off account, when it should be showing as discharged in the bankruptcy." Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

44. Trans Union admits that on July 22, 2025, it received correspondence purporting to be from Plaintiff. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

45. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8

**Second Dispute**

49.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

50.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

51.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

52.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

53.    Trans Union admits that on November 11, 2025, it received correspondence dated November 3, 2025, purporting to be from Plaintiff regarding an Ally Financial account ending in 4985 stating, "I reaffirmed one of my vehicle debts with Ally, for my Nissan Pathfinder, the x5758 account. I DID NOT reaffirm the other Ally debt. … This account is continuing to report instead as a charge off account, when it should be showing as discharged in the bankruptcy." Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

9

54.    Trans Union admits that on November 11, 2025, it received correspondence purporting to be from Plaintiff. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

55.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

59.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

60.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Further Disputes

62.     Trans Union admits that on January 7, 2026, it received correspondence purporting to be from Plaintiff regarding an Ally account ending in 4985. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64.     Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

11

65.     Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

66.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

67.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

## CLAIMS
### COUNT ONE:
### FAIR CREDIT REPORTING ACT
### VIOLATION OF 15 UNITED STATED CODE, SECTION 1681e(b)
### (Equifax, Experian, and Trans Union)

68.     Trans Union restates and incorporates its responses to paragraphs 1 through 81 above as though fully stated herein.

69.     Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

70.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

71.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

72.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations.

73.     Trans Union denies that it violated the FCRA (or any other law). Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

Trans Union denies the allegations of the prayer paragraph of Count One, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT
## VIOLATION OF 15 UNITED STATED CODE, SECTION 1681i(a)(1)
### (Equifax, Experian, and Trans Union)

74.     Trans Union reasserts its answers and responses set forth herein.

75.     Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

13

76.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

77.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

78.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

79.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

Trans Union denies the allegations of the prayer paragraph of Count Two, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

14

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT**
**VIOLATION OF 15 UNITED STATED CODE, SECTION 1681i(a)(4)**
**(Equifax, Experian, and Trans Union)**

80.    Trans Union reasserts its answers and responses set forth herein.

81.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

82.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

83.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

84.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

Trans Union denies the allegations of the prayer paragraph of Count Three, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies

15

that Plaintiff is entitled to any damages, costs, fees or other relief from or against

Trans Union.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT
## VIOLATION OF 15 UNITED STATED CODE, SECTION 1681i(a)(5)
### (Equifax, Experian, and Trans Union)

85.    Trans Union reasserts its answers and responses set forth herein.

86.    Trans Union denies the allegations of this paragraph, as they apply to

Trans Union, and denies the remaining allegations of this require a response, as they

do not constitute allegations asserted against it.

87.    Because of the vague and generalized nature of the allegations, Trans

Union is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

88.    Trans Union denies that it violated the FCRA (or any other law). Trans

Union denies the allegations of this paragraph, as they apply to Trans Union, and

denies the remaining allegations of this require a response, as they do not constitute

allegations asserted against it. Trans Union denies that Plaintiff is entitled to any

damages, costs, fees or other relief from or against Trans Union.

Trans Union denies the allegations of the prayer paragraph of Count Four, as

they apply to Trans Union, and denies the remaining allegations of this require a

response, as they do not constitute allegations asserted against it. Trans Union denies

16

that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT**
**VIOLATION OF 15 UNITED STATED CODE, SECTION 1681s-2(b)**
**(Ally Bank)**

89.    Trans Union reasserts its answers and responses set forth herein.

90.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

91.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

92.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

93.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

Trans Union denies that the statements contained in the prayer paragraph of Count Five require a response from Trans Union as they do not constitute allegations asserted against it.

17

## DEMAND FOR JURY TRIAL

94.    Trans Union admits that Plaintiff demands a jury and objects to the extent that any of the issues demanded are not so triable.

## DEFENSES

95.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

96.    Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

97.    Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

98.    Trans Union at all times acted in compliance with the FCRA.

99.    Plaintiff failed to mitigate her alleged damages.

100.   Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Florida.

18

101.   To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

102.   In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

103.   Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully Requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Charlotte Long*
Charlotte Long, Esq.
Florida Bar No. 0112517
charlotte.long@transunion.com
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone:  469-578-1464
**Counsel for Defendant Trans Union, LLC**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>26th</u> day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

<u>/s/ Charlotte Long</u>

Charlotte Long, Esq.

20