**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CHRISTOPHER DYALL,**

     **Plaintiff,**

**v.**                                                    **CASE NO.: 3:26-CV-01104-JEP-PDB**

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS INC.,**
**TRANSUNION LLC, AND ALLY FINANCIAL INC.,**

     **Defendants.**

_____/

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on June 30, 2026.

Max H. Story
(counsel for Plaintiff Christopher Dyall),

Paige Vacante (counsel for Defendant Equifax Information Services, LLC),

Maria Helena Ruiz (counsel for Defendant Experian Information Solutions Inc.), and

Charlotte A. Long (counsel for Defendant TransUnion LLC ("Trans Union)),

and Gillian DiFilippo Williston (counsel for Defendant Ally Financial Inc.) attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | July 15, 2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | August 31, 2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | October 30, 2026 |
| Defendant | November 30, 2026 |
| Rebuttal | December 15, 2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | February 1, 2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | March 15, 2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties agree to mediate remotely before Ret. J. Gregory P. Holder, Miles Mediation & Arbitration, 5401 West Kennedy Blvd., Suite 170, Tampa, FL 33609, (813) 820-1114 . | March 1, 2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | June 28, 2027 |

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | July 3, 2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | July 13, 2027 |
| Month and year of the trial term. | August 16, 2027 |

The trial will last approximately 3 days and be

X   jury.

☐   non-jury.

### 3.   Description of the Action

Plaintiff Christopher Dyall brings this action against Equifax Information Services, LLC, Experian Information Solutions Inc., TransUnion LLC, and Ally Financial Inc. for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Plaintiff alleges that Defendants failed to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer credit information and failed to conduct reasonable reinvestigations of disputed information. This is a standard FCRA consumer credit reporting case. Plaintiff also filed a notice of related action indicating a related bankruptcy proceeding, Case No. 3:24-bk-01741-BAJ.

**Experian Information Solutions, Inc.**:  This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.  Experian denies that it violated the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian.  Experian maintained reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff for the preparation of consumer reports. Experian properly reinvestigated Plaintiff's disputes, updated information as appropriate, and timely reported the results of those reinvestigations to Plaintiff. Experian's conduct has not been negligent or willful, nor has Experian acted with malice or a reckless or conscious disregard for the rights of Plaintiff.  Plaintiff's claimed damages were not caused by Experian but by Plaintiff or by third parties. Discovery has not yet begun, and Experian bases this statement on the facts and information

3

currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop.  Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. At this time, Experian does not anticipate asserting claims against Plaintiff, but reserves the right to do so as the facts develop.

**Defendant Equifax:** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**Defendant Ally**: As discovery has not yet begin, Ally cannot provide this Court with a complete factual background or description of the case as it relates to Plaintiff. Ally denies that it violated the FCRA, denies that it provided any erroneous or fraudulent information to any consumer reporting agencies, and denies that it failed to conduct a reasonable investigation in response to any alleged disputes submitted by Plaintiff to any credit reporting agencies. Further, Ally denies that Plaintiff is entitled to any relief and denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Additionally, Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff. Further, at all relevant times, Ally acted reasonably, in good faith, and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law. Ally makes this statement without waiving any defense and reserves the right to supplement this statement as the facts become known.

**Defendant Trans Union:** Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

### 4. Disclosure Statement

✗  Each party has filed a disclosure statement using the required form.

### 5. Related Action

✗  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

✗  The parties do not consent.

### 7. Preliminary Pretrial Conference

✗  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

### 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

X  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   X  Yes.
   ☐  No; instead, the parties agree to these changes: enter changes.

   B.  Discovery may be needed on these subjects: Plaintiff's credit reports, credit files, and dispute history; Defendants' procedures for investigating consumer disputes; Defendants' internal policies for compliance with FCRA reinvestigation requirements; the nature and accuracy of the tradeline(s) at issue; communications between Defendants regarding the disputed information; Plaintiff's alleged damages; and Ally Financial's furnishing of information to consumer reporting agencies.

   **Experian:**

   1. Whether Plaintiff has stated any claims upon which relief may be granted;

   2. Whether any consumer report prepared by Experian contained any inaccuracy;

   3. Whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file;

   4. Whether any reinvestigation conducted by Experian violated the FCRA;

   5. Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

6

6. Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

7. Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

8. Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

9. Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

10. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

11. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

12. Whether any party is entitled to costs or attorneys' fees.

**Defendant Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; and (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations.

**Ally**:

1. Whether Plaintiff has stated any claims upon which relief may be granted;

2. Whether Plaintiff has established a claim against Ally for negligent violation of the FCRA;

3. Whether Plaintiff has established a claim against Ally for willful violation of the FCRA;

4.     Whether Plaintiff has suffered any damage as a result of any actions or omissions of Ally;

5.     Whether there are any casual links between Ally's alleged actions or omissions and Plaintiff's alleged damages;

6.     Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

7.     Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

8.     Whether Plaintiff is entitled to punitive damages pursuant to the FCRA;

9.     Whether Plaintiff is entitled to costs and attorneys' fees pursuant to the FCRA.

**Trans Union**: Trans Union asserts that the principal issues of the case are:

1.     Whether Plaintiff was the cause of any alleged misreporting by Trans Union.

2.     Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff.

3.     Whether Trans Union maintained reasonable procedures to ensure accurate reporting.

4.     The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same.

5.     Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA.

6.     Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b).

7.     Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

C.    Discovery should be conducted in phases:

X    No.
☐   Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

    X  No.
    ☐  Yes; describe the issue(s).

E.  X    The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties agree to comply with Fed. R. Civ. P. 26(b)(5)(A) regarding privilege assertions. The parties will produce a privilege log within 30 days of any objections to production of documents on the basis of privilege alone. The parties do not currently anticipate the need for a Rule 502(d) order but will raise the issue with the Court if inadvertent production becomes a concern during discovery.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    X  No.
    ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

X  The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

**X** The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Consent to E-mail Service

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to serve and exchange documents that cannot be served on the parties via the Court's CM/ECF system via electronic means— such as e-mail to counsel for the parties using their e-mail addresses as listed in the Court's CMC/ECF system— in which event service is complete upon transmission, but not effective if the serving party learns that it did not reach the person to be served.

## 13. Signatures

/s/ Max Story
Max Story
Florida Bar No.: 527238
Story Law Group
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
(904) 372-4109
max@storylawgroup.com
Counsel for Plaintiff

/s/ Paige Vacante
Paige Vacante
Florida Bar No.: 1019135
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448
(312) 460-5000
pvacante@seyfarth.com
Counsel for Defendant Equifax
Information Services, LLC

/s/ Maria Helena Ruiz
Maria Helena Ruiz
Florida Bar No.: 182923
Kasowitz LLP
201 S Biscayne Boulevard, Suite 2550
Miami, FL 33131
(786) 587-1044
mruiz@kasowitz.com
Counsel for Defendant Experian
Information Solutions, Inc.

/s/ Gillian D. Williston
Gillian D. Williston
Florida Bar No. 14270
Troutman Pepper Locke LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757)687-7500
gillian.williston@troutman.com
Counsel for Ally Financial Inc.

/s/ Charlotte A. Long
Charlotte A. Long
Florida Bar No.: 112517
555 W. Adams Street
Chicago, IL 60661

10

(469)578-1464
charlotte.long@transunion.com
Counsel for Trans Union, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing Case Management Report with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Max Story*
Max Story

331223973v1                                    11